PEOPLE v CURRIE

1. CRIMINAL LAW—APPEAL AND ERROR—APPEALS BY THE PEOPLE—
   LEAVE TO APPEAL.

   The people are not authorized to file a claim of appeal in a
   criminal case but must come into the Court of Appeals by
   application for leave to appeal.

2. SEARCHES AND SEIZURES—EVIDENCE—JAIL—BAIL.

   Evidence seized in a search of a defendant at a jail was properly
   suppressed where the defendant had a statutory right to imme-
   diate bail and the search at the jail was in derogation of that
   statutory right (MCLA 780.581 *et seq.*).

Appeal from Recorder's Court of Detroit, Susan
D. Borman, J. Submitted Division 1 February 6,
1975, at Detroit. (Docket No. 19434.) Decided
March 17, 1975.

Denise Currie was charged with possession of
marijuana. From an order suppressing evidence,
the people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *John C. Moura-
dian,* Assistant Prosecuting Attorney, for the peo-
ple.

*Bruce Leitman,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 267–269.
[2] 68 Am Jur 2d, Searches and Seizures § 21.

Before: McGREGOR, P. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant was arrested by Detroit police on July 9, 1973, for driving without a valid driver's license, MCLA 257.904; MSA 9.2604. The police officers searched the defendant at the time of her arrest; defendant was first taken to the 13th Precinct Police Station, and then to police headquarters, where a police matron conducted a thorough search and discovered an item in the crotch of the defendant's panties which proved to contain 7.35 grams of marijuana. Defendant was charged with possession of marijuana, MCLA 335.341(4)(d); MSA 18.1070(41)(4)(d), and bound over on the charge.

A motion to suppress was granted by the recorder's court judge on January 10, 1974, on the basis of illegal search and because defendant should have been given the opportunity to be released on bond, pursuant to MCLA 780.581; MSA 28.872(1). The matter is brought to this Court by the people by claim of appeal.

We have this session heard *People v Olivet Martin,* 59 Mich App 471; 229 NW2d 809 (1975), and have determined that the people are not authorized to file a claim of appeal but must come into this Court by application for leave to appeal.

In this matter we have treated the pleadings as an application for leave to appeal and grant same. However, we have examined the facts and findings by the trial court and hold that the case is controlled by *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974).

The dismissal is affirmed.